UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION

| | |
|---|---|
| JOSE DE JESUS CHAVEZ HILARIO, )<br>)<br>Petitioner, )<br>)<br>v. )<br>)<br>WARDEN, )<br>FIELD OFFICE DIRECTOR, )<br>TODD M. LYONS, )<br>KRISTI NOEM, )<br>PAMELA JO BONDI, )<br>)<br>Respondents. ) | No. 2:26-cv-00101-JPH-MG |

**ORDER GRANTING PETITION FOR WRIT OF HABEAS CORPUS**

Jose de Jesus Hilario Chavez[1] is a noncitizen who was arrested by U.S. Immigration and Customs Enforcement ("ICE") officials on January 21, 2026, and is detained at the Clay County Jail in Brazil, Indiana. He petitions this Court for a writ of habeas corpus under 28 U.S.C. 2241, seeking release. For the reasons explained below, the Court grants the petition to the extent that **no later than 5:00 p.m. on March 6, 2026**, Respondents must either: (1) afford Mr. Hilario Chavez an individualized bond hearing before an Immigration Judge pursuant to 8 U.S.C. § 1226(a); or (2) release him from custody, under reasonable conditions of supervision.

---

[1] The petitioner filed the petition for "Jose de Jesus Chavez Hilario." Dkt. 1. The documents attached to the petition and to the Respondents' return to the order to show cause are for "Jose de Jesus Hilario Chavez." The A-numbers are the same. *See* dkt. 1-4; dkt. 6-1. Therefore, the Court refers to the petitioner by the name in the record.

1

Mr. Hilario Chavez's unopposed motion for leave to file a late reply, dkt. [10], is **GRANTED**.

I. **Background**

Mr. Hilario Chavez is a citizen of Mexico who entered the United States without admission or parole around the year 2016. Dkt. 1 ¶ 54.

On January 17, 2026, officers from Hamilton County Sheriff's Department in Indiana arrested Mr. Hilario Chavez for driving without a license. Dkt. 6-1 at 3 (ERO Narrative).

On January 21, 2026, ICE officers arrested Mr. Hilario Chavez after he was released from Hamilton County Jail pursuant to a Warrant for Arrest of Alien (Form I-200), which authorized the immigration officer to take Mr. Hilario Chavez into custody under 8 U.S.C. § 1226. *Id.* at 2; 10. Mr. Hilario Chavez was also served with a Notice to Appear for full removal proceedings pursuant to 8 U.S.C. § 1229a. *Id.* at 6. The Notice charged Mr. Hilario Chavez as "subject to removal" per §§ 212(a)(6)(A)(i) and 212(a)(7)(A)(i)(I) of the Immigration and Nationality Act ("INA") because he is "an alien present in the United States who has not been admitted or paroled" and he did not possess valid immigration documents. *Id.* at 9. He was then scheduled for an immigration court hearing in Chicago, Illinois on February 4, 2026. *Id.* at 6.

At some point, Mr. Hilario Chavez was transferred to Clay County Jail, where he remains detained.

## II. Discussion

Mr. Hilario Chavez claims that his current detention violates the INA and its accompanying regulations (Counts I and II) and the Due Process Clause of the Fifth Amendment (Count III). Dkt. 1 ¶¶ 59–75. Respondents argue that Mr. Hilario Chavez is lawfully detained under 8 U.S.C. § 1225(b)(2)(A) and that his detention is constitutional. Dkt. 6.

The Court finds that Mr. Hilario Chavez's detention is governed by § 1226(a) and that it is unlawful because he has not been afforded a bond hearing. Because Mr. Hilario Chavez is entitled to habeas corpus relief on these grounds, the Court does not address his other arguments.[2]

### A. 8 U.S.C. §§ 1226 and 1225

At issue here are 8 U.S.C. § 1226 and § 1225. While "§ 1226 applies to aliens already present in the United States," U.S. immigration law also "authorizes the Government to detain certain aliens seeking admission into the

---

[2] Specifically, Mr. Hilario Chavez argues that he is a class member entitled to relief through the declaratory judgment the Central District of California issued in *Maldonado Bautista v. Santacruz*, No. 5:25-cv-01873-SSS-BFM. Dkt. 1 at ¶¶ 40–47. In that case, the district court certified a class under Federal Rule 23(b)(2) that seemingly would include Mr. Hilario Chavez and held that the Department of Homeland Security's ("DHS") widespread application of § 1225(b)(2) was contrary to the INA, vacating DHS's Policy under the Administrative Procedure Act, and entering final judgment. *Bautista v. Santacruz*, 2025 WL 3713981, *32 (C.D. Cal. Dec. 18, 2025). The applicability of *Maldonado Bautista* to resolve habeas actions outside the Central District of California is unclear. *See* dkt. 6 at 14–20. In *Trump v. J.G.G.*, the Supreme Court reiterated that (a) any claim implying the invalidity of the claimant's custody "must be brought in habeas corpus," and (b) habeas jurisdiction lies only with the district where the claimant is confined. 604 U.S. 670, 671–72 (2025) (applying *Nance v. Ward*, 597 U.S. 159, 167 (2022); *Heck v. Humphrey*, 512 U.S. 477, 487 (1994); *Rumsfeld v. Padilla*, 542 U.S. 426, 443 (2004)). Because the Court finds that Mr. Hilario Chavez is entitled to habeas relief on statutory grounds, it need not resolve whether he is also entitled to relief under *Maldonado Bautista*.

country under §§ 1225(b)(1) and (b)(2)." *Jennings v. Rodriguez,* 583 U.S. 281, 303 (2018). Section 1226 governs the "usual" removal process, which involves an evidentiary hearing before an immigration judge. *Dep't of Homeland Sec. v. Thuraissigiam,* 591 U.S. 103, 108 (2020). Proceedings under 8 U.S.C. § 1229(a), also known as "full removal," are initiated by filing a Notice to Appear with the Immigration Court. *Matter of E-R-M- & L-R-M-,* 25 I. & N. Dec. 520, 520 (BIA 2011).

> Section 1226(a) provides:
> 
> On a warrant issued by the Attorney General, an alien may be arrested and detained pending a decision on whether the alien is to be removed from the United States . . . . [T]he Attorney General—
> 
> > (1) may continue to detain the arrested alien; and
> > 
> > (2) may release the alien on—
> > 
> > > (A) bond . . . ; or
> > > 
> > > (B) conditional parole . . . .

8 U.S.C. § 1226(a). An immigration officer makes the initial determination to either detain or release the noncitizen. After that initial decision has been made, "[f]ederal regulations provide that aliens detained under § 1226(a) receive bond hearings at the outset of detention." *Jennings,* 583 U.S. at 306 (citing 8 C.F.R. § 236.1(d)(1)); *see also* 8 C.F.R. § 1236.1(c)(8); 8 C.F.R. § 1003.19(d). At that hearing, the noncitizen "may secure his release if he can convince the officer or immigration judge that he poses no flight risk and no danger to the community." *Nielsen v. Preap,* 586 U.S. 392, 397–98 (2019) (citing 8 C.F.R. §§ 1003.19(a), 1236.1(d)); *see also Hernandez v. Sessions,* 872 F.3d 976, 982 (9th Cir. 2017)

("[T]he burden is on the non-citizen to 'establish to the satisfaction of the Immigration Judge . . . that he or she does not present a danger to persons or property, is not a threat to the national security, and does not pose a risk of flight.'") (citing *In re Guerra*, 24 I. & N. Dec. 37, 38 (BIA 2006)).

Section 1225(b)(1) deals with "inspection of aliens arriving in the United States and certain other aliens who have not been admitted or paroled" and provides that immigration officers shall order certain noncitizens removed without further hearing or review unless the noncitizen indicates an intention to apply for asylum. § 1225(b)(1)(A)(i). This applies to noncitizens who have engaged in misrepresentation or have failed to meet document requirements under §§ 1182(a)(6)(C) or 1182(a)(7). *Id.*

Section 1225(b)(2) pertains to "[i]nspection of other aliens." Section 1225(b)(2)(A) provides that "in the case of an alien who is an *applicant for admission*, if the examining immigration officer determines that *an alien seeking admission* is *not clearly and beyond a doubt entitled to be admitted*, the alien shall be detained for a proceeding under section 1229a of this title." 8 U.S.C. § 1225(b)(2)(A) (emphasis added). An "applicant for admission" is "[a]n alien present in the United States who has not been admitted or who arrives in the United States (whether or not at a designated port of arrival . . .)." 8 U.S.C. § 1225(a)(1). In other words, noncitizens subject to 1225(b)(2) are not eligible for expedited removal but are subject to mandatory detention while their removal proceedings are pending.

5

### B. Mr. Hilario Chavez Is Eligible for a Bond Hearing Pursuant to 8 U.S.C. § 1226(a)

The Court has previously determined that, considering § 1225 as a whole, the most natural meaning is that it applies to "arriving" noncitizens attempting to enter the United States rather than to undocumented aliens like Mr. Hilario Chavez who have lived in the interior of the United States for years. *See Alejandro v. Olson*, No. 1:25-cv-02027-JPH-MKK, 2025 WL 2896348, at *7 (S.D. Ind. Oct. 11, 2025); *Jackson Rizo v. Swearingen*, Case No. 2:26-cv-00026-JPH-MKK (S.D. Ind. January 23, 2026); *Corzo Martinez v. Olson et al.*, No. 2:26-cv-00003-JPH-MKK, Dkt. 13 (S.D. Ind. January 10, 2026); *see also Singh v. Bondi*, No. 1:25-cv-02101-SEB-TAB, 2025 WL 3029424, *3-5 (S.D. Ind. Oct. 30, 2025). As the Court previously explained, Respondents' interpretation of the statute (1) disregards the plain meaning of § 1225(b)(2)(A); (2) disregards the relationship between §§ 1225 and 1226; (3) would render a recent amendment to § 1226(c) superfluous; and (4) is inconsistent with decades of prior statutory interpretation and practice.[3]

The Respondents cite a recent Fifth Circuit Court of Appeals decision, which upheld the government's interpretation of § 1225(b)(2)(A) in finding that "seeking admission" is a permissible redundancy for "applicant for admission." Dkt. 6 at 9–12; *Buenrostro-Mendez v. Bondi*, 2026 WL 323330, at *5 (5th Cir. Feb, 6, 2026) ("The Supreme Court has observed that 'redundancies are common

---

[3] The Court incorporates by reference its more fulsome statutory interpretation of 8 U.S.C. §§ 1226 and 1225 and corresponding analysis of the circumstances to which those statutes apply as set forth in *Alejandro*, 2025 WL 2896348, at *14–19; *Jackson Rizo*, No. 2:26-cv-00026-JPH-MKK, and *Corzo Martinez* No. 2:26-cv-00003-JPH-MKK.

in statutory drafting—sometimes in a congressional effort to be doubly sure, sometimes because of congressional inadvertence or lack of foresight, or sometimes simply because of the shortcomings of human communication' . . . . That seems doubly true where the ordinary meaning of the terms involved overlap. Because being an applicant ordinarily entails seeking something, it seems natural to use the words somewhat interchangeably.") (quoting *Barton v. Barr*, 590 U.S. 222, 239 (2020)). Even if the terms refer to different things, the Fifth Circuit found that petitioners such as Mr. Hilario Chavez can be said to be "seeking admission" even though they have resided within the country for years and are not affirmatively seeking to enter the United States. *Id.*

The Court is not convinced, however, that the Seventh Circuit will follow *Buenrostro-Mendez* and therefore continues to rely on *Castañon-Nava v. U.S. Dep't of Homeland Sec.*, 161 F.4th 1048 (7th Cir. 2025), as persuasive precedent.[4] In *Castañon-Nava*, the Seventh Circuit determined that "seeking admission" cannot be logically seen as synonymous with "applicant for admission" without violating several established canons of statutory interpretation. 161 F.4th at 1061. Furthermore, Respondents' legal reasoning cannot not be reconciled with the government's treatment of Mr. Hilario Chavez,

---

[4] *See Morales Perez v. Walsh*, 2026 WL 44777, at *2 (N.D. Ill. Jan. 7, 2026) ("[a]t a minimum, *Castañon-Nava* carries substantial persuasive weight. It is true that *Castañon-Nava* cautioned that its decision was limited to 'the current record.' — F.4th —, 2025 WL 3552514, at *8. But the statutory-interpretation issue that the opinion resolved was one purely of *law*, and any adjustment to the *factual* record going forward would not likely alter the legal conclusion. In any event, as explained below, the Court agrees with *Castañon-Nava*'s holding on the legal question, so there is no need here to definitively decide whether it is binding precedent or something short of that.").

7

*i.e.,* arresting him inside the United States pursuant to an administrative warrant that explicitly authorized his detention under § 1226. Given the government's treatment of Mr. Hilario Chavez, it cannot plausibly now maintain that he is subject to § 1225(b)(2)(A) and therefore categorically ineligible for discretionary release. *Singh*, 2025 WL 3029524, at *6 (citing *Patel v. Crowley*, 2025 WL 2996787, at *6 (N.D. Ill. Oct. 24, 2025); *Kennedy v. Kijakazi*, No. 22-2258, 2023 WL 1990303, at *3 (7th Cir. Feb. 14, 2023)).

Furthermore, the facts here are quite different from *Buenrostro-Mendez* where the court's analysis did not indicate that the petitioners were arrested pursuant to an administrative warrant and then served with a Notice to Appear for full removal proceedings. *See Buenrostro-Mendez*, 2026 WL 323330, at *3 ("DHS encountered each petitioner in 2025, and, upon inspection, immigration officers determined that each was inadmissible as an alien present in the United States without having been admitted or paroled . . . DHS commenced removal proceedings under 8 U.S.C. § 1229a against both petitioners, directing that they be detained under 8 U.S.C. § 1225(b)(2)(A) for the duration of those proceedings."). These facts are also different from the facts presented in *Cruz Rodriguez v. Olson*, No. 1:25-cv-12961, 2025 WL 3672856 (N.D. Ill. Dec. 17, 2025), withdrawn & superseded, 2026 WL 63613 (N.D. Ill. Jan. 8, 2026), which Respondents briefly reference. Unlike Mr. Cruz Rodriguez, who was subjected to a warrantless arrest, Mr. Hilario Chavez was served with an administrative warrant that authorized federal agents to detain him pursuant to § 1226.

8

*Buenrostro-Mendez* and *Cruz Rodriguez* therefore do not necessarily apply to the facts here.

In sum, the record demonstrates that Mr. Hilario Chavez detention is authorized only by § 1226(a), entitling him to consideration of bond. Accordingly, his continued detention without consideration of bond violates the INA, and he is entitled to habeas corpus relief. The Court therefore concludes that Mr. Hilario Chavez is entitled to a bond hearing under § 1226.

### III. Scope of Relief

Mr. Hilario Chavez asks the Court to order his immediate release. Dkt. 1 at 15; dkt. 10-2 at 7. Immediate release is the customary remedy in habeas proceedings. *See Thuraissigiam*, 591 U.S. at 107 ("Habeas has traditionally been a means to secure release from unlawful detention."); *Munaf v. Geren*, 553 U.S. 674, 698 (2008) (explaining that "the quintessential habeas remedy" is release from custody). Here, the Court finds that it would not be in the interests of justice to order Mr. Hilario Chavez's immediate release and instead orders Respondents to provide him with a bond hearing. Any relief afforded through habeas corpus must be "appropriate to the violation." *Waller v. Georgia*, 467 U.S. 39, 50 (1984). Mr. Hilario Chavez maintains—and the Court agrees—that his detention without consideration of bond is contrary to law because his detention is authorized by § 1226(a), which makes him eligible for discretionary release but also allows the government to "continue to detain" him. 8 U.S.C. § 1226(a)(1). Mr. Hilario Chavez's custody is not unlawful because of the very fact that he is detained.

Rather, his custody is unlawful only to the extent the government refuses to consider whether he may be released as the law requires.

### IV. Conclusion

The Court grants the petition to the extent that no later than **5:00 p.m. on March 6, 2026**, Respondents must either: (1) provide Mr. Hilario Chavez with an individualized bond hearing before an immigration judge pursuant to 8 U.S.C. § 1226(a) and its regulations; or (2) release Mr. Hilario Chavez from custody, under reasonable conditions of supervision. No later than **5:00 p.m. on March 7, 2026**, Respondents must file documentation certifying that they have provided Mr. Hilario Chavez with a bond hearing or released him.

Mr. Hilario Chavez's unopposed motion for leave to file a late reply, dkt. [10], is **granted**.

The **clerk is directed** to enter final judgment.

**SO ORDERED.**

Date: 3/3/2026

*James Patrick Hanlon*
James Patrick Hanlon
United States District Judge
Southern District of Indiana

Distribution:

Daniel Chin
Flora Legal Group
daniel.chin@floralegalgroup.com

Rachel Dever
Church Church Hittle and Antrim
rdever@cchalaw.com

Liberty L. Roberts
Church Church Hittle & Antrim
lroberts@cchalaw.com

Shelese M. Woods
DOJ-USAO
shelese.woods@usdoj.gov